**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

FILED

03 JUL 28 AM 9: 02

CLERK ALBUQUERQUE

UNITED STATES OF AMERICA,

     Plaintiff/Respondent,

vs.

     **CIVIL NO. 03-432 JP/DJS**
     Criminal No.01-174 JP

**VIRGIL BROWN,**

     Movant-Defendant..

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255.

2. Movant alleges that he is entitled to relief from the sentence imposed because his counsel rendered ineffective assistance in defending him against a charge of assault resulting in serious bodily injury, alleged in an indictment to be in violation of 18 U.S.C. §113 (a)(6). A jury convicted Movant of the assault charged in the indictment. At the conclusion of the trial, Movant's counsel moved, pursuant to Fed.R.Crim.P. 29, to set aside the jury finding. After briefing, the Court granted

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

the motion, substituting a finding of guilt upon the lesser included offense of assault by striking, beating or wounding. The United States perfected an appeal from that ruling and was successful in reversing the Trial Court's action on the jury verdict. Docket 01-Cr.-174 JP, Order and Judgment, Document No. 71. Upon remand, Movant was sentenced to a term of imprisonment of sixty-three (63) months three (3) years supervised release and a $100.00 special penalty assessment. There was no direct appeal alleging errors at trial or in the imposition of the sentence.

2. As a signal of his unhappiness with the length of his sentence, Movant says that his lawyer failed him. Movant asserts his counsel failed to disclose his presentence report to him, misled him as to the length of his sentence and, finally, failed to file objections to the presentence report or to move for downward departure. Movant asserts he was denied due process by reason of his counsel's failures. None of the claims made merit relief.

3. To prevail on his claims of ineffective assistance of counsel, Movant must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, he must establish that his counsel's performance "fell below an objective standard of reasonableness." Id. at 688. To meet this first prong of the Strickland test, "petitioner must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " Hickman v. Spears, 160 F.3d 1269, 1273 (10th Cir.1998) (quoting Strickland, 466 U.S. at 689); see also Duvall v. Reynolds, 139 F.3d 768, 777 (10th Cir.), cert. denied, 525 U.S. 933, (1998). When analyzing the performance of Movant's counsel, the Court will focus on "not what is prudent or appropriate, but only what is constitutionally compelled." United States v. Cronic, 466 U.S. 648, 665 n. 38, (1984). Additionally, Movant's claim of ineffective assistance of counsel will be viewed "from the perspective of his counsel at the time he rendered his legal services, not in hindsight." Hickman, 160

2

F.3d at 1273; accord Strickland, 466 U.S. at 689. The second prong of the Strickland test requires Movant to show that his counsel's deficient performance prejudiced his defense. Strickland, 466 U.S. at 692. To satisfy this second prong, Movant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

4. Movant satisfies neither of the Strickland requirements. As to Movant's first claim, which is that his counsel failed to disclose to him his presentence report, it is clear that Movant cuts the allegation from whole cloth. The sentencing transcript undoes Movant's claim. Movant, in response to a question by the Court, responded that he had read the presentence report. Transcript of January 23, 2003 Sentencing Hearing, p. 2. This statement by Movant can mean only that the presentence report was disclosed to him and it matters not whether it came through his lawyer or some other party. His response to the Court makes it clear that Movant can show no prejudice from his lawyer's alleged failure, even if counsel failed to disclose the report. More to the point, in an affidavit made a part of the record of this proceeding, counsel asserts that he in fact mailed a copy of the presentence report to Movant, as evidenced by a letter attached to that affidavit. Supplement to Record filed July 7, 2003 (Docket No. 8). This disclosure leads to the conclusion that it was counsel who furnished the presentence report to Movant.

5. As another part of his claim that counsel was ineffective, Movant asserts that he was misled as to the length of sentence that would be imposed. This claim must fail because the presentence report contained a reference to a guideline imprisonment of sixty three (63) to seventy eight (78) months. Of course, Movant acknowledged at his sentencing hearing that he had read the report, and he should not now be heard to disavow his "solemn declarations in open court" See,

Blackledge v. Alllison, 431 U.S. 63, 74 (1977). The Court announced at the hearing that the

sentencing range was as stated in the presentence report, that is, 63 to 78 months. Transcript of

January 23, 2003 Sentencing Hearing, p. 11. In addition the affidavit of counsel makes clear that

Movant was advised that the sentencing range was 63 to 78 months. Movant has provided no

evidence other than his conclusory statement that he was promised a shorter sentence. Nor does

Movant explain how, "but for his counsel's failures in this regard, the result of the proceeding would

have been different." Strickland at 694. Movant had been convicted after trial and no possibility of

a favorable plea bargain or other such relief existed. In these circumstances, even if counsel had

erroneously estimated the sentence Movant would receive, that error would not constitute deficient

performance rendering his assistance ineffective. See United States v. Gordon, 4 F.3d 1567 (10th

Cir.1993).

6. Movant claims that his counsel was ineffective by reason of his failure to file objections

to the presentence report and to file a motion for downward departure. This claim fails as well.

Counsel filed both an objection to the presentence report and a motion for downward departure.

Docket 01-Cr-174, Motion for Downward Departure filed January 22, 2003, Document No. 77.

Objections to Presentence Report filed January 22, 2003, Docket No. 78. It appears that Movant

suggests that counsel should have filed a motion for downward departure on grounds other than

those rejected by the Court. He offers no facts which could have been used in support of such a

motion. Although a *pro se* litigant's pleadings should be construed liberally, he is not relieved of the

burden of alleging sufficient facts on which a recognized legal claim could be based. Hall v.

Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).

7. Movant contends that he should be afforded an evidentiary hearing on the issues he has

4

raised in his petition. A court is not required to hold such a hearing under 28 U.S.C §2255 when the files and records show conclusively that the Movant is entitled to no relief. See United States v. Marr, 856 F. 2d 1471, 1472 (10th Cir. 1988); Eskridge v. United States, 443 F.2d 440, 443 (10th Cir.1971). The record does not support the need for a hearing in this case.

**RECOMMENDED DISPOSITION:**

That the Motion be denied and this matter be dismissed with prejudice.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE